Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Zachary Gershman (State Bar No. 328004)
Zachary@lebelaw.com
Brielle D. Edborg (State Bar No. 347579)
Brielle@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973

Attorneys for John Serra,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Serra, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>          v.<br><br>Jones Lang LaSalle Americas, Inc.<br><br>     Defendant. | Case No.:  3:23cv5408<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  Failure to Pay Minimum Wages;<br><br>2.  Failure to Pay Overtime Wages;<br><br>3.  Failure to Provide Meal Periods;<br><br>4.  Failure to Permit Rest Breaks;<br><br>5.  Failure to Provide Accurate, Itemized Wage Statements;<br><br>6.  Failure to Pay All Final Wages;<br><br>7.  Failure to Timely Produce All Personnel Records;<br><br>8.  Failure to Reimburse all Business Expenses; and<br><br>9.  Violation of Business and Professions Code §§ 17200, *et seq.*<br><br>**Jury Trial Demanded** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff John Serra, individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.    Plaintiff John Serra ("Plaintiff") brings this putative class action against Defendant Jones Lang LaSalle Americas, Inc. ("Defendant JLL"), on behalf of himself individually and a putative class of non-exempt employees employed by Defendant throughout California.

2.    Defendant JLL is an Illinois corporation with warehouse locations in California that provides commercial real estate and investment management services and provides employment to non-exempt employees in California.

3.    Through this action, Plaintiff alleges that Defendant has engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendant's deliberate unfair competition.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendant has increased their profits by violating state wage and hour laws by, among other things:

       (a)    Failing to pay all wages for all hours worked, including minimum and overtime wages;

       (b)    Failing to provide meal periods or compensation in lieu thereof;

       (c)    Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

       (d)    Failing to provide accurate, itemized wage statements;

       (e)    Failing to reimburse all reasonable and necessary business expenses; and

       (f)    Failing to pay all final wages.

5.    Plaintiff brings this lawsuit seeking monetary relief against Defendant on behalf of himself and all others similarly situated in California to

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  recover, among other things, unpaid wages and benefits, interest, attorneys' fees,

2  costs and expenses and penalties pursuant to Cal. Labor Code §§ 210, 226,

3  226.7, 432, 510, 511, 512, 1194, 1194.2, 1197, 1198, 1198.5, 2800 and 2802.

## JURISDICTION AND VENUE

5  6.  Defendant has removed this action to federal court pursuant to the

6  Class Action Fairness Act. This Court has personal jurisdiction over Defendant

7  because it has had sufficient minimum contacts with California.  Defendant has

8  purposefully availed itself of the California market and the laws of California so

9  as to render the exercise of jurisdiction over them consistent with traditional

10  notions of fair play and substantial justice.  This Court has jurisdiction over

11  Defendant because, upon information and belief, it is a citizen of California, has

12  sufficient minimum contacts in California or otherwise intentionally avail itself

13  of the California market so as to render the exercise of jurisdiction over it by the

14  California courts consistent with traditional notions of fair play and substantial

15  justice.

16  7.  Venue is proper in this Court because, upon information and belief,

17  Defendant resides, transact business or have offices in this county and the acts

18  and omissions alleged herein took place in this county.

## THE PARTIES

20  8.  Plaintiff is a citizen of California.  Plaintiff was employed by

21  Defendant during the Class Period in California.

22  9.  Plaintiff is informed and believes, and thereon alleges, that

23  Defendant at all times hereinafter mentioned, were and are employers as defined

24  in and subject to the Labor Code and IWC Wage Orders, whose employees were

25  and are engaged throughout this county and the State of California.

## CLASS ACTION ALLEGATIONS

27  10.  Plaintiff brings this action under Code of Civil Procedure § 382 on

28  behalf of herself and all others similarly situated who were affected by

3

**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant's Labor Code, Business and Professions Code §§ 17200 and IWC Wage Order violations.

11. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

12. Plaintiff's proposed class consists of and is defined as follows:

> California Labor Class
>
> All current or former non-exempt California employees of Defendant from four years and 178 days preceding the filing of this Complaint.[1]

Plaintiff also seeks to certify the following Subclass of employees:

> Waiting Time Subclass
>
> All members of the Class who separated their employment from Defendant from three years plus 178 days before the filing of this complaint to the date of trial.

13. Members of the California Labor Class and Subclass described above will be collectively referred to as "Labor Class Members." Plaintiff reserves the right to establish subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

14. This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

> (a) Whether Defendant failed to compensate Plaintiff and Labor Class Members for work done off-the-clock, resulting in a failure to pay all minimum wages and overtime wages;

---

[1] The statute of limitations for this matter were tolled for 178 days pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

**FIRST AMENDED CLASS ACTION COMPLAINT**

(b) Whether Defendant failed to properly calculate the regular rate of pay resulting in a failure to pay proper overtime wages due;

(c) Whether Defendant subjected Plaintiff and Labor Class Members to a uniform policy of unlawful time rounding and manipulation;

(d) Whether Defendant deprived Plaintiff and Labor Class Members of compliant meal periods or required Plaintiff and Labor Class Members to work through meal periods without compensation;

(e) Whether Defendant deprived Plaintiff and Labor Class Members of compliant rest breaks;

(f) Whether Defendant deprived Plaintiff and Labor Class Members of accurate, itemized wage statements;

(g) Whether Defendant failed to reimburse Plaintiff and Labor Class Members for all reasonable and necessary business expenses;

(h) Whether Defendant engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*

15.    There is a well-defined community of interest in this litigation and the California Labor Class are readily ascertainable:

(a)    Numerosity:  The members of the California Labor are so numerous that joinder of all members is impractical. Although the members of the California Labor Class are unknown to Plaintiff at this time, on information and belief, the total number of individuals who make up the California Labor Class are estimated to be greater than 100 individuals. The identities of the California Labor Class are readily ascertainable by inspection of Defendant's employment and payroll records.

(b)    Typicality:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the California

**FIRST AMENDED CLASS ACTION COMPLAINT**

Labor Class because Defendant's failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the California Labor Class because they arise out of and are caused by Defendant's common course of conduct as alleged herein.

(c)    Adequacy:  Plaintiff is qualified to and will fairly and adequately represent and protect the interests of all members of the California Labor Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the California Labor Class. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)    Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion

**FIRST AMENDED CLASS ACTION COMPLAINT**

methods to efficiently manage this case as a class action.

(e)    <u>Public Policy Considerations</u>:  Employers in the State of California and other states violate employment, labor, and consumer protection laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.   Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## **GENERAL ALLEGATIONS**

16.    At all relevant times mentioned herein, Defendant employed Plaintiff and other persons as non-exempt employees.

17.    Plaintiff was employed in a non-exempt position by Defendant.

18.    Defendant continue to employ non-exempt employees throughout California.

19.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant was advised by skilled lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices and the requirements of California law.

20.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and Labor Class Members were entitled to receive wages for all hours worked and that they were not receiving all wages earned for work that was required to be performed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and Labor Class

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  Members were not paid wages (including minimum wages and overtime wages)
2  when Defendant required Plaintiff and Labor Class Members to work off-the-
3  clock, for example, during pre-shift and post-shift security checks, pre-shift
4  Covid-19 health screenings, and meal periods.

5      21.    Plaintiff is informed and believes, and thereon alleges, Defendant
6  failed to provide Plaintiff and Labor Class Members timely, uninterrupted, off-
7  duty meal periods of no less than thirty minutes for each period of five hours
8  worked.  Plaintiff and Labor Class Members would also often be required to
9  work through meal periods, would be otherwise interrupted during their meal
10 period, or would take late meal periods.  Moreover, Plaintiff and Labor Class
11 Members meal periods were shortened due to the security checks that he and
12 other class members suffered.  Finally, Plaintiff and Labor Class Members meal
13 periods were rounded, resulting in non-compliant meal periods.  These policies,
14 among others, have resulted in a denial of these employees' rights to 30-minute
15 meal periods in violation of California law.

16     22.    Plaintiff is informed and believes, and thereon alleges, that
17 Defendant knew or should have known that Plaintiff and Labor Class Members
18 were entitled to receive all required meal periods or payment of one (1)
19 additional hour of pay at Plaintiff and Labor Class Members' regular rate of pay
20 when they did not receive a timely meal period.  In violation of the Labor Code
21 and IWC Wage Orders, Plaintiff and Labor Class Members did not receive all
22 timely meal periods or payment of one (1) additional hour of pay at Plaintiff and
23 Labor Class Members' regular rate of pay when they did not receive a timely,
24 uninterrupted meal periods.

25     23.    Upon information and belief, Defendant failed to provide Plaintiff
26 and Labor Class Members timely, uninterrupted, on-the-clock rest period of no
27 less than ten minutes for every four hours worked, or every major fraction
28 thereof.  Defendant also routinely failed to provide Plaintiff and Labor Class

**FIRST AMENDED CLASS ACTION COMPLAINT**

Members with a second rest period for shifts lasting longer than six hours, or a third rest period for shifts lasting longer than ten hours. Moreover, Plaintiff and Labor Class Members rest periods were shortened due to the security checks, described above, that he and other class members suffered. These policies, among others, have resulted in a denial of these employees' rights to a ten-minute rest period in violation of California law.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and Labor Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and Labor Class Members' regular rate of pay when a rest break was missed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Labor Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and Labor Class Members' regular rate of pay when a rest break was missed.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and Labor Class Members were entitled to receive itemized wage statements that accurately showed their gross and net wages earned, inclusive dates of pay periods, total hours worked, and all applicable hourly rates in effect and the number of hours worked at each hourly rate in accordance with California law. In violation of the Labor Code, Plaintiff and Labor Class Members were not provided with accurate itemized wage statements.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known that Plaintiff and Labor Class Members were entitled to reimbursement for necessary expenditures incurred in connection with the performance and execution of their job duties. In violation of the California Labor Code, Plaintiff and Labor Class Members did not receive adequate reimbursement for necessary business expenses, including but not

**FIRST AMENDED CLASS ACTION COMPLAINT**

limited to reimbursement for use of their personal cell phones for business purposes including to communicate with their supervisors, managers, and other employees of Defendant and the employees who worked at the worksite of Plaintiff and Labor Class Members.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendant knew or should have known they had a duty to compensate Plaintiff and Labor Class Members, and Defendant had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so all in order to increase Defendant's profits.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Violation of Cal. Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order)**

28.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

29.    Cal. Labor Code Sections 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

30.    During the relevant time period, Defendant paid Plaintiff and Labor Class Members less than minimum wages when Defendant required Plaintiff and Labor Class Members to work off-the-clock during pre- and post-shift security checks, pre-shift Covid19 health screenings, and meal periods. Additionally, Defendant failed to maintain a time recording system as Plaintiff and Labor Class members were not required to keep track of their time worked, nor did Defendant record meal periods, which resulted Plaintiff and Labor Class Members not being paid at least minimum wage all time worked.  Moreover, Defendant subjected Plaintiff and Labor Class Members to a uniform policy and

**FIRST AMENDED CLASS ACTION COMPLAINT**

practice of unlawful time rounding and manipulation, which, over time, unlawfully favored Defendant and resulted in time loss to the employees, including Plaintiff. This rounding policy is not neutral on its face or in application and resulted in cumulative loss of time to Plaintiff and Labor Class Members. To the extent these hours do not qualify for the payment of overtime or doubletime, Plaintiff and Labor Class Members were not being paid at least minimum wage for their work.

31. During the relevant time period, Defendant regularly failed to pay at least minimum wages to Plaintiff and Labor Class Members for all hours worked pursuant to Cal. Labor Code Sections 1194 and 1197.

32. Defendant's failure to pay Plaintiff and Labor Class Members the required minimum wages violate Labor Code 1194 and 1197. Pursuant to these sections, Plaintiff and Labor Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs and attorneys' fees.

33. Pursuant to Labor Code Section 1194.2, Plaintiff and Labor Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(Violation of Cal. Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order)**

34. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

35. Cal. Labor Code Section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay,

**FIRST AMENDED CLASS ACTION COMPLAINT**

depending on the number of hours worked by the person on a daily or weekly basis.

36.     Pursuant to Cal. Labor Code Sections 510 and 1194, during the relevant time period, Defendant was required to compensate Plaintiff and Labor Class Members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours in any work day.

37.     Plaintiff and Labor Class Members were non-exempt employees entitled to the protections of Cal. Labor Code Section 510 and 1194.

38.     During the relevant time period, Defendant failed to pay Plaintiff and Labor Class Members overtime and doubletime wages when Defendant required Plaintiff and Labor Class Members to work off-the-clock, for example, during pre- and post-shift security checks, pre-shift Covid19 health screenings, and meal periods.  As Plaintiff and Labor Class Members worked shifts of eight hours or more, this unpaid time qualified for overtime premium payment. Moreover, Defendant subjected Plaintiff and Labor Class Members to a uniform policy and practice of unlawful time rounding and manipulation, which, over time, unlawfully favored Defendant and resulted in time loss to the employees, including Plaintiff.  This rounding policy is not neutral on its face or in application and resulted in cumulative loss of time to Plaintiff and Labor Class Members.

39.     In violation of state law, Defendant has knowingly and willfully refused to perform their obligations and compensate Plaintiff and Labor Class Members for all wages earned as alleged above.

40.     Defendant's failure to pay Plaintiff and Labor Class Members the unpaid balance of overtime compensation, as required by California law,

**FIRST AMENDED CLASS ACTION COMPLAINT**

violates the provisions of Cal. Labor Code Sections 510 and 1198, and is therefore unlawful.

41. Pursuant to Labor Code Section 1194, Plaintiff and Labor Class Members are entitled to recover their unpaid overtime compensation as well as interest, costs and attorneys' fees.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(Violation of Cal. Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

42. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

43. Cal. Labor Code Section 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

44. Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

45. Cal. Labor Code Section 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

46. Labor Code Section 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty

**FIRST AMENDED CLASS ACTION COMPLAINT**

(30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

47.     During the relevant time period, Plaintiff and Labor Class Members did not receive compliant meal periods for each five hours worked per day.  For example, starting from Plaintiff's very first shift working for Defendant, Plaintiff and other Labor Class Members were required to work through their meal periods.  Furthermore, Plaintiff and Labor Class Members meal periods were shortened due to the security checks that he and other class members suffered, as described *supra*.  Finally, Plaintiff and Labor Class Members meal periods were rounded by Defendant, resulting in non-compliant meal periods.

48.     Cal. Labor Code Section 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay for each workday that a meal period is not provided.

49.     At all relevant times, Defendant often failed to pay Plaintiff and Labor Class Members meal period premiums for meal period violations, at the regular rate of pay including all non-discretionary bonuses, pursuant to Labor Code Section 226.7(b) and section 11 of the applicable IWC Wage Order.

50.     As a result of Defendant's failure to pay Plaintiff and Labor Class Members an additional hour of pay for each day a meal period was not provided, Plaintiff and Labor Class Members suffered and continue to suffer a loss of wages and compensation.

## **FOURTH CAUSE OF ACTION**

## **FAILURE TO PERMIT REST BREAKS**

**(Violation of Cal. Labor Code §§ 226.7; Violation of IWC Wage Order)**

51.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

**FIRST AMENDED CLASS ACTION COMPLAINT**

52.    Cal. Labor Code Section 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

53.    Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

54.    During the relevant time period, Plaintiff and Labor Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked.  Defendant routinely failed to provide Plaintiff and Labor Class Members with a second rest period for shifts lasting eight hours or longer, or a third rest period for shifts lasting twelve hours or longer.  Moreover, Plaintiff and Labor Class Members rest breaks, if any, were shortened due to Defendant's security check policies which resulted in shortened breaks.

55.    Labor Code Section 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

56.    At all relevant times, Defendant failed to pay Plaintiff and Labor Class Members all rest period premiums at their regular rate of compensation, including all non-discretionary bonuses, due for rest period violations pursuant to Labor Code Section 226.7(b) and section 12 of the applicable IWC Wage Order.

57.    As a result of Defendant's failure to pay Plaintiff and Labor Class Members an additional hour of pay for each day a rest period was not provided,

Plaintiff and Labor Class Members suffered and continue to suffer a loss of wages and compensation.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**(Violation of Cal. Labor Code § 226; Violation of IWC Wage Order)**

58.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

59.    Cal. Labor Code Section 226(a) requires Defendant to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

60.    During the relevant time period, Defendant has knowingly and intentionally failed to comply with Cal. Labor Code Section 226(a) on wage statements that were provided to Plaintiff and Labor Class Members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned and the accurate number of hours worked at each hourly rate by Plaintiff and Labor Class Members.

**FIRST AMENDED CLASS ACTION COMPLAINT**

61.    As a result of Defendant's violation of Cal. Labor Code Section 226(a), Plaintiff and Labor Class Members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and Labor Class Members have been injured by Defendant's intentional violation of California Labor Code Section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code Section 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendant's provided the accurate wages earned.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendant.

62.    California Labor Code Section 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code Section 226(a).

63.    Defendant's violations of California Labor Code Section 226(a) prevented Plaintiff and Labor Class Members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendant.  As a result of Defendant's knowing and intentional failure to comply with California Labor Code Section 226(a), Plaintiff and Labor Class Members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

64.    Plaintiff and Labor Class Members are also entitled to injunctive relief under California Labor Code Section 226(h), compelling Defendant to

**FIRST AMENDED CLASS ACTION COMPLAINT**

comply with California Labor Code Section 226 and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

### SIXTH CAUSE OF ACTION

### FAILURE TO PAY ALL FINAL WAGES

**(Violation of Cal. Lab. Code §§ 201-203; Violation of IWC Wage Order)**

65.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

66.    California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

67.    During the relevant time period, Defendant willfully failed to pay Plaintiff and Labor Class Members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime and doubletime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ.

68.    Defendant's failure to pay Plaintiff and Labor Class Members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendant's employ is in violation of Labor Code §§ 201 and 202.

69.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## SEVENTH CAUSE OF ACTION

## FAILURE TO TIMELY PRODUCE ALL PERSONNEL RECORDS

### (Violation of Cal. Labor Code §§ 226, 432, and 1198.5)

70.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

71.     Defendant employs a pattern and practice of ignoring and refusing to produce employee records when requested in direct violation of California Labor Code §§ 226(b), (c), (f), (h), 432, and 1198.5.

72.     Upon making valid requests for the inspection and production of records by Plaintiff, Defendant, as a matter of pattern and practice, ignored and refused to produce these records or make them available to Plaintiff within the timeframe required by statute.

73.     As a result of these violations, Defendant is liable for *civil* penalties pursuant to California Labor Code §§ 1198.5(k), 226(f), and 2698, et seq.

74.     Plaintiff will also seek recovery of attorneys' fees and litigation expenses pursuant to Labor Code section 2699(g) and/or Code of Civil Procedure section 1021.5 to the extent enforcement of California labor laws and applicable regulations is determined to be in the public interest and consistent with the Legislative intent stated in Labor Code section 90.5, in an amount according to proof and subject to Court approval.

## EIGHTH CAUSE OF ACTION

## FAILURE TO REIMBURSE ALL BUSINESS EXPENSES

75.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

76.     Labor Code § 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

77.     Labor Code § 2802 provides, in pertinent part, "[a]n employer

shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

78.    Further, Labor Code § 2802 additionally provides, in pertinent part: "(c)…the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

79.    The Applicable IWC Wage Order § 9 provides that: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer . . ."

80.    California Labor Code section 2804 mandates that this statutory right cannot be waived.

81.    During the relevant time period, Defendant was required to indemnify and reimburse Plaintiff Labor Class Members for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties but failed to indemnify and reimburse Plaintiff and Labor Class Members.

82.    As a direct and proximate result, Plaintiff and Labor Class Members have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendant to fully perform its obligations under California law, all to their damage in amounts according to proof at the time of trial.

83.    Accordingly, Plaintiff and members of the Plaintiff Class are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and

**FIRST AMENDED CLASS ACTION COMPLAINT**

proper. *See* Cal. Lab. Code § 2802, *see also*, Cal. Civ. Proc. Code § 1021.5.

84.    Plaintiff, on behalf of herself and Labor Class Members, requests relief as described below.

### NINTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*)

85.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

86.    Defendant's conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and Labor Class Members. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

87.    Defendant's activities, as alleged herein, violates California law and constitute unlawful business acts or practices in violation of California Business and Professions Code Sections 17200, *et seq.*

88.    A violation of Cal. Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

89.    Defendant's policies and practices have violated state law in at least the following respects:

(a) Failing to pay all minimum wages to Plaintiff and Labor Class Members in violation of Labor Code §§ 1194, 1194.2, and 1197;

(b) Failing to pay all overtime wages to Plaintiff and Labor Class Members in violation of Labor Code §§ 510, 1194 and 1198;

(c) Failing to provide timely and compliant meal periods without paying Plaintiff and Labor Class Members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

**FIRST AMENDED CLASS ACTION COMPLAINT**

(d) Failing to authorize or permit rest breaks without paying Plaintiff and Labor Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

(e) Failing to provide accurate, itemized wage statements in violation of Labor Code § 226;

(f) Failing to reimburse reasonable business expenses incurred in violation of Labor §§ 2800 and 2802; and

(g) Failing to timely produce all personnel records in violation of Labor Code §§ 226, 432, and 1198.5.

90.    Defendant intentionally avoided paying Plaintiff and Labor Class Members' wages and monies, thereby creating for Defendant an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

91.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and Labor Class Members are entitled to restitution of the wages unlawfully withheld and retained by Defendant during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

Plaintiff, on his own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendant as follows:

1.    For certification of this action as a class action, including certifying the California Labor Class alleged by Plaintiff;

2.    For appointment of John Serra as the class representative;

3.    For appointment of Lebe Law, APLC as class counsel for all purposes;

**FIRST AMENDED CLASS ACTION COMPLAINT**

4.     For compensatory damages in an amount according to proof with interest thereon;

5.     For economic and/or special damages in an amount according to proof with interest thereon;

6.     For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to California Code of Civil Procedure § 1021.5. and Labor Code § 1194;

7.     For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.     For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

9.     For an order requiring Defendant to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under California Business and Professions Code §§ 17200, *et seq.*;

10.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

11.     For injunctive relief;

12.     For pre-judgment interest; and

///

///

///

///

///

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

13.    For such other relief as the Court deems just and proper.

DATED:  May 16, 2024                **Lebe Law, APLC**


By: _/s/ Jonathan M. Lebe_
        Jonathan M. Lebe
        Zachary T. Gershman
        Brielle D. Edborg

Attorney for Plaintiff John Serra,
individually and on behalf of all others
similarly situated


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

DATED:  May 16, 2024                **Lebe Law, APLC**


By: _/s/ Jonathan M. Lebe_
        Jonathan M. Lebe
        Zachary T. Gershman
        Brielle D. Edborg


Attorney for Plaintiff John Serra,
individually and on behalf of all others
similarly situated

**FIRST AMENDED CLASS ACTION COMPLAINT**